IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**EUGENE ISSAC PITTS**
**ADC #73537**                                                                    **PLAINTIFF**

V.                    CASE NO. 4:10CV01799 SWW

**LARRY JEGLEY, et al.**                                                          **DEFENDANTS**

### ORDER

**I.   Background:**

Eugene Issac Pitts, an Arkansas Department of Correction inmate, filed this action pro se under 42 U.S.C. § 1983.  Because Mr. Pitts's complaint was deficient, he was instructed to file an amended complaint.  Mr. Pitts now has filed his amended complaint and also a supplement to his amended complaint.  Even with these amendments, Mr. Pitts has failed to state a claim for relief under 42 U.S.C. § 1983.  Therefore, his claims must be DISMISSED, without prejudice.

**II.   Discussion:**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  42 U.S.C. § 1983.  Although "detailed factual allegations are not required," a complaint must include enough facts to "state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, __ U.S. __, 129 S.Ct. at 1940. Pro se complaints are construed liberally, but they still must allege "sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, Mr. Pitts alleges that his constitutional rights were violated when certain hair fragments needed for DNA analysis were lost prior to testing. Mr. Pitts names as Defendants members of the Prosecutor's Office for the Sixth Judicial District, Arkansas State Crime Lab employees, and Jeffery Rosenzweig, a private attorney. He claims that, because the Defendants violated their "duty to preserve" evidence, his fifth and sixth amendment rights were violated. Mr. Pitts explains that hearings were held in the state trial court on August 18, 2008, September 8, 2008, and October 13, 2008, in order to determine what happened to the missing evidence. An appeal of the trial court's decision is currently pending before the Supreme Court of Arkansas.

Mr. Pitts's claims fail for at least two reasons. First, Mr. Pitts is, in effect, challenging his state court conviction. He cannot do this in an action brought under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Mr. Pitts can obtain this kind of relief only in a federal habeas corpus action and then only after he has exhausted all of his available remedies in state

court. *Id.*, see also 28 U.S.C. § 2254. Similarly, Mr. Pitts cannot recover money damages until his sentence or parole revocation have been reversed by the state court or a federal habeas corpus court. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Accordingly, Mr. Pitts's claims fail.[1] From the face of the pleadings, it is obvious that Mr. Pitts has not exhausted his claims, given that his case is still pending in the Supreme Court of Arkansas.

Furthermore, to the extent Mr. Pitts is urging an access-to-courts claim, he has not alleged that he has suffered any actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). An access-to-courts claim requires a showing that one or more defendants kept the prisoner from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury. To show an actual injury, the prisoner must show that a non-frivolous legal claim was "frustrated or . . . impeded." *Id*.

Here, although the Defendants have allegedly denied Mr. Pitts the ability to prove his innocence, this matter is still pending before the Arkansas Supreme Court. Accordingly, at this time, Mr. Pitts cannot show that he has suffered an actual injury.

### III.   Conclusion:

The claims of Eugene Issac Pitts are DISMISSED without prejudice. An *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

---

[1] According to the document attached to Mr. Pitts's amended complaint, it appears that the case pending before the Arkansas Supreme Court is Mr. Pitts's petition for writ of habeas corpus.

DATED this 21st day of April, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE